## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **MOISES PEREZ**, | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **EP-19-CV-00360-DCG** |
| | § | |
| **BODEGA LATINA CORPORATION,** | § | |
| *d/b/a/ El Super*, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the are several discovery motions (ECF Nos. 26, 28, 29, 30, 38, 43) filed

by the parties.  For the reasons that follow, the Court denies two of the motions, grants two other

motions, and grants in part and denies in part the remaining motions.

## I.   BACKGROUND

Plaintiff Moises Perez worked as a store director at Defendant Bodega Latina

Corporation's grocery store, El Super, located in El Paso, Texas, from June 2016 until June

2019, when Defendant terminated him.[1]  In October 2019, Plaintiff brought this lawsuit asserting

claims for age discrimination and retaliation in violation of Texas Commission on Human Rights

Act ("TCHR"), codified at Texas Labor Code, Chapter 21, and for violations of the Family and

Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.[2]

---

[1] *See* First Am. Pet. at ¶¶ 8, 16, ECF No. 1-1; Def.'s Objs. & Resps. to Pl.'s Req. for Produc., Interrog., Req. for Disclosures at 125, 133, 154 [hereinafter, Def.'s Disc. Resp.], ECF No. 33-2. Pin-point citations to this (ECF No. 33-2) and other exhibits whose pages are not numbered by their authors or the parties refer to the page numbers imprinted thereon by the Court's Case Management/Electronic Case Filing (CM/ECF).

[2] *See* First Am. Pet. at ¶¶ 18–24.

According to Defendant, it terminated Plaintiff for sexually harassing three of its female employees whom he supervised ("Complaining Employees").[3]  Specifically, according to Defendant, it received written statements by the Complaining Employees, in which they complained that Plaintiff sexually harassed them, and an audio recording of a phone conversation between Plaintiff and one of the Complaining Employees, in which Plaintiff was sexually harassing the employee.[4]  Based on the written statements and audio recording, Defendant claims, it reasonably believed that Plaintiff sexually harassed the employees and therefore, terminated him.[5]

The parties' discovery disputes arose in October-November 2020.  At the time, the deadlines for completing discovery and filing dispositive motions were set as December 28, 2020, and February 26, 2021, respectively.[6]  On October 30, 2020, Defendant responded to Plaintiff's requests for production, interrogatories, and requests for disclosure—which Plaintiff served on September 23, 2020.[7]  Defendant produced an excerpted transcript of the audio recording and copies of the written statements, but therein, it redacted the Complaining Employees' identities and other identifying information.[8]  Defendant claimed that

---

[3] Def.'s Resp. to Pl.'s Suppl. Br. at 5, ECF No. 67.

[4] *See id.* at 7–8; Def.'s Suppl. Br. in Supp. of Disc. Related Mots at 2–3 [hereinafter, Def.'s Suppl. Br.], ECF No. 60.

[5] Def.'s Resp. to Pl.'s Suppl. Br. at 2, 3–4.

[6] *See* Scheduling Order at 2, ECF No. 19.

[7] *See* Def.'s Disc. Resp. at 51.

[8] Def.'s Disc. Resp. at 16–17, 89–114.  The statements were originally written in Spanish, and together with the original statements, Defendant produced their English translations.  *Id.* at 17.  The phone conversation captured on the audio recording was held in Spanish, and Defendant did not produce an electronic copy of the audio recording, but instead, produced a transcript of the recording translated in English.  *Id.*  Plaintiff claims that the transcript was an uncertified English translation of the conversation. Joint Statement on Disc. Related Mots. at 2, ECF No. 55.

"[o]verwhelming safety and retaliation concerns" required that the employees' identifying

information be kept confidential.[9]

    After an unsuccessful attempt to depose Plaintiff on November 10, 2020,[10] Defendant re-

noticed Plaintiff's deposition to be held on November 30, 2020, and Plaintiff's counsel

confirmed the date in an e-mail dated November 26, 2020.[11]   On November 28, Plaintiff's

counsel wrote an e-mail to defense counsel, complaining that Defendant had not produced "any

of the purported recordings, or any documentation of who made the recording or who prepared

the transcription."[12]   Plaintiff's counsel requested their production so that Plaintiff could review

the recordings prior to his deposition and stated that absent such production, counsel may need to

postpone the deposition.[13]   On the morning of November 30, the agreed-upon deposition date,

Defense counsel e-mailed back, stating that Defendant did not wish to use the recording for the

deposition,[14] and declining to produce the audio recording until a protective order was in place.[15]

---

[9] Def.'s Disc. Resp. at 14–16, 29.

[10] Defendant alleges that on or about November 2, 2020, Plaintiff's counsel unilaterally canceled the deposition scheduled for November 10.  *See* Def.'s Mot. for Disc. Sanctions against Pl. & Mot. to Compel Pl.'s Dep. at 2–3 [hereinafter, Def.'s Mot. to Compel Pl.'s Dep.], ECF No. 28.  The record reflects that in a November 5, 2020 e-mail, Plaintiff's counsel disputed that he agreed to November 10 as the date for the deposition and stated that Defendant unilaterally set that date. *See id.*, Ex. D, at 3, ECF No. 28-5.  Counsel further explained that "since October 22, El Paso County reimposed stay-at-home orders and restricted business activity" due to the Covid-19 pandemic.  *Id.*; *see also* Pl.'s Resp. to Def.'s Mot. to Compel Pl.'s Dep., Ex. I, ECF No. 31-9.  The record further reflects that around this time, Plaintiff was requesting dates for depositions of certain employees of Defendant, to wit: Hector Rivas, Sal Esquer, Yvonne Canzada, and Valeria Carillo. *See* Def.'s Mot. to Compel Pl.'s Dep., Ex. D, at 3.  It is not clear whether those employees' depositions ever took place.

[11] *See* Def.'s Mot. to Compel Pl.'s Dep., Exs. F, G, ECF Nos. 28-7, 28-8.

[12] *See id.*, Ex. J, ECF No. 28-9.

[13] *See id.*

[14] *See id.*, Ex. I.

[15] According to Plaintiff, prior to November 30, 2020, Defendant had not requested, or mentioned, a protective order.  *See* Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Compel Disc. from Def. at

At Plaintiff's deposition, his counsel insisted that the deposition would not go forward until
Defendant produced the audio recording, and the deposition ended without any examination of
Plaintiff.[16]

These discovery events led to seriatim motions: Plaintiff's "Motion to Compel Discovery
from Defendant" (ECF No. 26);[17] Defendant's "Motion for Discovery Sanctions Against
Plaintiff and Motion to Compel Plaintiff's Deposition" (ECF No. 28);[18] Plaintiff's "Motion for
Protective Order and to Quash Defendant's Third Notice of Deposition of Plaintiff" (ECF No.
29);[19] Plaintiff's "Motion for Sanctions against Defendant for Withholding and Refusing to
Disclose Evidence in Violation of Rule 26's Mandatory Disclosure Obligations" (ECF No. 30);[20]
Plaintiff's "Second Motion for Protective Order and to Quash Defendant's Fourth Notice of

---

2, ECF No. 36; *see also* Def.'s Mot. to Compel Pl.'s Dep., Ex. I, at 2, ECF No. 10.  According to
Defendant, on December 4, 2020, its counsel forwarded a draft protective order to Plaintiffs' counsel.  *See*
Def.'s Opp'n to Pl.'s Mot. to Compel Disc. from Def. at 5, 11, ECF No. 33; *see also id.*, Ex. C, ECF No.
33-3.

[16] Perez Dep. at 8:12–14, ECF No. 31-7.

[17] In this motion, pursuant to Rule 37, Plaintiff requests a court order compelling Defendant to
produce the audio recording.  Pl's Mot. to Compel Disc. from Def. at 5, ECF No. 26; *see also* Joint
Statement on Disc. Related Mots at 3.

[18] In this motion, Defendant, pursuant to Rules 30(d)(2) and 37(d)(3), moves for sanctions against
Plaintiff and/or his counsel, including dismissal of Plaintiff's claims and award of attorney's fees and
expenses for his failure to appear for noticed deposition on two occasions.  *See* Def.'s Mot. to Compel
Pl.'s Dep. at 9–11.  In the alternative, Defendant asks the Court to issue an order compelling Plaintiff to
appear and be deposed on a specific date set by the Court and award, Defendant attorney's fees and
expenses it incurred related to this motion.  *Id.*at 11; *see also* Joint Statement on Disc. Related Mots at 5.

[19] In this motion, Plaintiff, pursuant to Rules 26(c)(1)(B) and 32(a)(5)(A), seeks relief from
Defendant's third notice of Plaintiff's deposition set for December 11, 2020—until Defendant produces
the audio recording as requested in Plaintiff's Motion to Compel Discovery from Defendant.  *See* Pl.'s
Mot. for Protective Order & to Quash Def.'s Third Notice of Dep. of Pl. at 6–7, ECF No. 29; *see also*
Joint Statement on Disc. Related Mots at 6.

[20] In this motion, Plaintiff, pursuant to Rule 37(c)(1)(C), moves for sanctions against Defendant
for violating Rules 26(a)(1)(A)(ii), 26(e)(1)(A), and 26(b)(3)(C).  *See* Pl.'s Mot. for Sanctions against
Def. for Withholding & Refusing to Disclose Evid. in Violation of Rule 26's Mandatory Disclosure
Obligations at 1–10, ECF No. 30; *see also* Joint Statement on Disc. Related Mots at 7.

Deposition of Plaintiff" (ECF No. 38);[21] and Defendant's "Motion for Leave to Conduct Plaintiff's Deposition after the Close of the Discovery Period Or, Alternatively, for Sanctions Under Rule 37" (ECF No. 43).[22]

Upon reviewing the motions and the related briefs, the Court ordered the parties to file a joint statement summarizing their key disputes and arguments on each motion; the parties complied with the order by filing their "Joint Statement on Discovery Related Motions" (ECF No. 55). The Court, on April 8, 2021, ordered the parties to submit supplemental briefs on issues raised by certain assertions Defendant made in the joint statement regarding Defendant's safety and retaliation concerns due to which it redacted the Complaining Employees' identities in its discovery responses.[23] The parties have since filed their supplemental briefs and their response briefs.[24]

## II.   STANDARD

A party may serve on any other party written interrogatories which "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). It may serve on any other party "a request within the scope of Rule 26(b) . . . to produce . . . any designated

---

[21] In this motion, Plaintiff renews its request for relief from Defendant's fourth notice of Plaintiff's deposition set for December 21, 2020, and asks the Court to quash the notice until Plaintiff and Defendant confer and reset the deposition for a mutually agreeable date and time. Pl's Second Mot. for Protective Order & to Quash Def.'s Fourth Notice of Dep. of Pl. at 2, ECF No. 38. Further, he renews his requests for sanctions against Defendant. *Id.* at 2–7; *see also* Joint Statement on Disc. Related Mots at 8.

[22] In this motion, Defendant seeks leave of the Court to depose Plaintiff after the scheduling order deadline for discovery and requests the Court to set a date for the deposition. Def.'s Mot. for Leave to Conduct Pl. 's Dep. after Close of Disc. Period Or, Alternatively, for Sanctions under Rule 37 at 1, 11, ECF No. 43. In the alternative, Defendant, pursuant to Rule 37(d)(3), moves for sanctions against Plaintiff for his repeated failure to appear for deposition. *Id.*; *see also* Joint Statement on Disc. Related Mots at 9.

[23] Order for Suppl. Brs. 2–4, ECF No. 56.

[24] *See* ECF Nos. 60, 61, 67, 68, 70.

documents or electronically stored information" in the other party's "possession, custody, or

control." Fed. R. Civ. P. 34(a)(1)(A). Rule 26(b) sets the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). At the discovery stage, relevancy is broadly construed: information is

relevant if there is any possibility that it may be relevant to the claim or defense of any party.

*Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); *Camoco, LLC v. Leyva*, 333 F.R.D. 603,

606 (W.D. Tex. 2019).

A party seeking discovery may move to compel an answer or production if the

responding party fails to answer a Rule 33 interrogatory or fails to produce documents requested

under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). "Once a relevancy objection has been raised, the

party seeking the discovery must demonstrate that the request is within the scope of discovery.

Once this showing has been made, the responding party must make a showing of some sufficient

reason why discovery should not be allowed." *United States v. Louisiana*, No. CIV.A. 11-470-

JJB, 2012 WL 3726754, at *6 (M.D. La. Aug. 27, 2012); *see also McLeod, Alexander, Powel &

Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[T]he party resisting discovery

must show specifically how each [discovery request] is not relevant" or specifically state a "valid

objection." (ellipses, internal quotes, and citation omitted)).

Yet, the court may decline to compel, and at its option, or on motion, may, for good

cause, issue an order to protect a party or person from "annoyance, embarrassment, oppression,

or undue burden," including "specifying terms . . . for the disclosure or discovery," "designating

the persons who may be present while the discovery is conducted," and "requiring that . . .

confidential . . . information . . . be revealed only in a specified way." Fed. R. Civ. P.

26(c)(1)(A), (E), (G); *Crosswhite v. Lexington Ins.*, 321 F. App'x 365, 368 (5th Cir. 2009); *see also Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly" and "limit . . . manner of discovery.").

In determining whether to issue a protective order, the trial court must weigh "the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The party seeking the protective order "bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). If that party makes such showing, burden then shifts to the party opposing the protective order, who must "show the protective order [is] unwarranted." *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 436 (5th Cir. 1990).

### III. DISCUSSION

The parties' disputes present two main issues: relevancy and discoverability of the Complaining Employees' identities, and their disclosure under an "attorneys' eyes only" protective order. Below, the Court addresses each issue, in turn.

### A. Relevancy and Discoverability of the Complaining Employees' Identities

Against Plaintiff's claims of employment discrimination and retaliation, Defendant asserts, as its legitimate, nondiscriminatory reason, that it terminated Plaintiff because he was sexually harassing the Complaining Employees and that in deciding to terminate him, it relied on the employees' complaints of sexual harassment. Joint Statement on Disc. Related Mots. at 7. It argues that it does not intend to use these employees to support its claims or defenses, *id.* at 7;

nor does it intend to, because it need not, litigate whether Plaintiff actually harassed them, *id.* at 2.  It insists that the identities of these employees, who are non-parties to this case, are not relevant, Def.'s Suppl. Br. at 6, and the disclosure of their identities would serve no purpose other than to potentially endanger them, *id.*  It adds that Plaintiff's counsel only needs to know whether Plaintiff sexually harassed an employee, and other details and context are not relevant if the audio recording conclusively captures Plaintiff sexually harassing an employee.  Def.'s Resp. to Pl.'s Suppl. Br. at 2.

In employment discrimination cases, when an employer discharges an employee based on complaints lodged by one or more ordinary employees, such as complaints of sexual harassment, "the validity of the initial complaint is not the central issue, because the ultimate falseness of the complaint proves nothing as to the employer, only as to the complaining employee." *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165 (5th Cir. 1993).  "The real issue is whether the employer reasonably believed the employee's allegation and acted on it in good faith, or to the contrary, the employer did not actually believe the co-employee's allegation but instead used it as a pretext for an otherwise discriminatory dismissal." *Id.*; *see also Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 n.4 (5th Cir. 2012) (applying *Waggoner* principles to a case brought under the TCHR).[25]

At summary judgment, therefore, to show pretext, Plaintiff would have to produce evidence demonstrating that it was "unreasonable" for Defendant's decisionmakers to rely on the Complaining Employees' allegations of sexual harassment, *Clark v. Boyd Tunica, Inc.*, 665 F.

---

[25] *See also Cervantez v. KMGP Servs. Co. Inc.*, 349 F. App'x 4, 10 (5th Cir. 2009) ("[A] fired employee's actual innocence of his employer's proffered accusation is irrelevant as long as the employer reasonably believed it and acted on it in good faith."); *Hughes v. Brinker Int'l, Inc.*, No. 07-11104, 2008 WL 2325645, at *1 (5th Cir. June 6, 2008) (unpublished) ("Whether Hughes was actually guilty of the charge [of sexually harassing another employee] is not relevant as long as the employer reasonably believed it and acted on it in good faith.").

App'x 367, 372 (5th Cir. 2016), or that the decisionmakers "did not in good faith believe" their allegations, "but relied on them in a bad faith pretext to discriminate against him on the basis of his age," *Waggoner*, 987 F.2d at 1166 (italicized emphasis omitted).[26]  Such evidence, typically circumstantial in nature, "'may take a variety of forms.'"  *Robinson v. Jackson State Univ.*, 714 F. App'x 354, 362 (5th Cir. 2017) (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 187 (1989)); *see also Coughlin*, 946 F.2d at 1159 ("Pretext can be demonstrated by circumstantial evidence.").  Often, employees of a defendant-employer, other than its decisionmakers, hold information that sheds light on the reasonableness of the decisionmakers' reliance on the complaints and whether the decisionmakers acted in good or bad faith.[27]

In this case, the Complaining Employees would have material information on the issues of the reasonableness of Defendant's reliance on the complaints and its good/bad faith: for example, the circumstances surrounding the making of their complaints to Defendant and the recording of the phone conversation; and if the employees fabricated the complaints or orchestrated the recording, whether Defendant played any role in, or had knowledge of, such actions.  Consequently, Plaintiff would need their identities, at minimum, to depose them or conduct other forms of discovery.  Their identities are therefore discoverable.  *See* Fed. R. Civ.

---

[26] *See also Nobles v. Cardno, Inc.*, 549 F. App'x 265, 268–69 (5th Cir. 2013) (concluding that plaintiff failed to create a fact dispute, in part because "[t]o the extent [plaintiff] disputes that co-workers actually made any complaints, he failed to present evidence that the complaints were fabricated" by decisionmaker); *McKinney v. Bolivar Med. Ctr.*, 341 F. App'x 80, 82 (5th Cir. 2009) (concluding that even assuming that plaintiff's supervisors falsely reported the accusations of racism, plaintiff offered no evidence that defendant "knew or had reason to believe that these accusations were fabricated").

[27] *See, e.g.*, *Burns v. Nielsen*, 456 F. Supp. 3d 807, 829 (W.D. Tex. 2020) (finding a fact dispute as to the employer's good faith reliance on a complaint about plaintiff, where an employee's deposition testimony contradicted a supervisor's testimony that the employee relayed other employees' complaints about plaintiff to the supervisor); *Ramirez v. Landry's Seafood Inn & Oyster Bar*, 280 F.3d 576, 579 (5th Cir. 2002) (finding a fact dispute as to the employer's good faith reliance on a complaint about plaintiff, where the decisionmaker asserted that he heard a complaint about plaintiff from another supervisor, but the supervisor's "affidavit d[id] not mention it").

P. 26 advisory comm.'s note to 2015 amend. (Discovery of "the identity and location of persons who know of any discoverable matter" is 'deeply entrenched' in the federal court practice and should be permitted.); 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2013, at 279–82 (3d ed. 2010) (Pursuant to Rule 26(b)(1), "courts have repeatedly allowed discovery of the names and locations of persons with knowledge of the facts. . . .  The thought is that when a party has learned who the witnesses are and where they may be found that it can then interview the witnesses, take their depositions, or otherwise find out what information they may have."). Consequently, Plaintiff is entitled to discovery of the same.

**B.  "Attorneys' Eyes Only" Protective Order**

Defendant argues that the Complaining Employees' identities and the audio recording (which would reveal the identify of the Complaining Employee whose voice is on the recording) should be produced via an "attorneys' eyes only" designation; it so suggests because of the Employees' fear of intimidation and potential physical harm that may result from disclosing their identities to Plaintiff.  Def.'s Resp. to Pl.'s Suppl. Br. at 2, 7.   Specifically, in the parties' joint statement, filed after their briefing on the instant motions were complete, Defendant asserted that Plaintiff made representations to its employees that "he previously worked for the Mexican police and had 'connections,' which the employees believe he could use to retaliate against the [C]omplaining [E]mployees," and "[g]iven the violent history between the U.S. and Mexican border," they took "these representations seriously and fear physical harm in retaliation for having come forward with their sexual harassment complaints."  J. Statement on Disc. Related Mots. at 3.  Defendant is willing to produce the recording once a protective order is agreed upon and entered by this Court.  Def.'s Opp'n to Pl.'s Mot. to Compel Disc. from Def. at 11.

Plaintiff questions whether the asserted fear is well founded.  Joint Statement on Disc. Related Mots. at 1.  Moreover, he argues that "attorneys' eyes only" production of the audio recording and their identities would make it impossible for him to show pretext.  Pl.'s Suppl. Br. at 10–11, ECF No. 61; Pl.'s Resp. to Def.'s Suppl. Br. in Support of Disc. Related Mots. at 6 [hereinafter, Pl.'s Resp. to Def's Suppl. Br.], ECF No. 70.  Plaintiff's counsel explains that he needs Plaintiff's assistance with determining if his voice is on the recording and whether the recording was altered or incomplete; with determining which decisionmakers or managers had leverage over the employee, after Plaintiff identifies her on the recording, and with crafting discovery requests and deposition notices to meet his burden to show pretext.  Joint Suppl. Br. at 4–5, ECF No. 68.

The Court ordered Defendant to substantiate its assertions of fear by evidence, including affidavits or declarations, and invited Defendant to provide further details that may be helpful to the Court's assessment of the credibility and gravity of such fear. Order for Suppl. Brs. at 3.  Moreover, out of an abundance of caution, it ordered the parties to file under seal all submissions in connection its order and to treat them as "attorneys' eyes only" until further order of the Court. *Id.* at 5.

Defendant has since submitted a declaration by Gregorio Campos, an employee in its Human Resources Department.  Therein, Campos states that he spoke to two of the Complaining Employees after they notified Defendant that "Plaintiff had sexually harassed them."  Campos Decl. at ¶ 2, ECF No. 60.  One of them told Campos that she feared Plaintiff and feared that he would cause her harm or retaliate against her if her identity was revealed "based on her perception that Plaintiffs [*sic*] had been involved in illegal activity as a police officer in Mexico." *Id.*  The other women, continues Campos, "similarly expressed" her fear about Plaintiff causing

harm or retaliation, if her identity was revealed. *Id.* Campos adds that after the harassment complaints were made, several "other" employees told him that Plaintiff told them that "he had previously fled Juarez after getting involved in illegal activity as a police officer."[28] *Id.* at ¶ 3. Defendant did not submit a declaration from any of the Complaining Employees or the "other" employees.[29]

In determining whether to issue the requested protective order, the Court is mindful that "[t]he imposition of unnecessary limitations on discovery is especially frowned upon in [employment discrimination] cases." *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983); *see also Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) ("A plaintiff who must shoulder the burden of proving that the reasons given for her [adverse employment action] are pretextual should not normally be denied the information necessary to establish that claim."). Further, an "attorneys' eyes only" designation is highly restrictive, and Defendant, as the party requesting such an order, has the initial burden to "describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact." *Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-CV-0993, 2012 WL 5948363, at *4 (S.D. Ohio Nov. 28, 2012); *see also BDO USA, L.L.P.*, 876 F.3d at 698, *supra*.

The Court finds that Defendant's evidence is insufficient to meet its burden to justify the issuance of the requested protective order. Campos's declaration omits any mention of the third Complaining Employee; that omission plausibly suggests that the third employee, unlike the other two, did not fear retaliation by Plaintiff, if her identity was disclosed to him. As for the other two Complaining Employees, the declaration does not set forth the basis for their perceived

---

[28] Ciudad Juarez is a Mexican city that shares an international border with El Paso, Texas.

[29] Plaintiff points out that Campos's declaration is based on hearsay, and even hearsay within hearsay. *See* Pl.'s Resp. to Def.'s Suppl. Br. at 2.

fear.  The only evidence that tends to relate to the basis of such fear is what Plaintiff said to

"other" employees: that is, he previously fled Juarez after getting involved in illegal activity as a

police officer.  Plaintiff submitted a declaration, stating that he has never worked in law

enforcement in Mexico, never been a police officer in Mexico, and does not have a friendship or

any other relationship with any Mexican police officer.  Perez Decl. at ¶¶ 2, 3, 5, 6, ECF No. 61-

1.

 Defendant has not provided any other evidence from which the Court could assess the

credibility of the asserted fear—despite that the Court invited Defendant to provide further

details on the asserted fear.  The Court therefore denies Defendant's request to disclose and

produce the Complaining Employees' identities and the audio recording pursuant to an

"attorneys' eyes only" protective order.  *See Quair v. Bega*, 232 F.R.D. 638, 640–41 (E.D. Cal.

2005) (denying a request for an "outside-attorney eyes only" protective order that sought to limit

disclosure of the identities of potential witnesses who feared retaliation, threats and intimidation

because the requesting party failed to adduce "credible evidence[ ] that a reasonable fear of a

credible threat existed").

 The Court has considered Defendant's other arguments; none tips the balance in favor of

concealing the identities or the recording from Plaintiff.  One such argument deserves special

mention.  As another basis for the requested protective order, Defendant argues that the

Complaining Employees raised accusations that are "intimate in nature."  Def. Suppl. Br. at 8.

An "attorneys' eyes only" protective order is not appropriate relief on this ground because, to the

extent Plaintiff sexually harassed the employees as Defendant alleges, he has knowledge of the

accusations; instead, appropriate relief would be to prohibit the disclosure of their identities or

the audio recording to third parties.  According to Plaintiff, his counsel offered to agree to a

protective order providing for such prohibitions and further requiring disclosure of their contact information under an "attorneys' eyes only" designation.  Joint Suppl. Br. 3.  The Court finds it appropriate to limit disclosure of the Complaining Employees' identities, their contact information, and the audio recording as proposed by Plaintiff.

The Court therefore instructs the parties to submit an agreed-upon protective order (similar in the form set out in Appendix H-2 of this District's Local Rules): pursuant to such a protective order, Defendant may designate the Complaining Employees' identities (and any document bearing the same) and the recording (and any transcript thereof bearing their identities) as "confidential," and the Employees' contact information (and any document bearing the same) as "attorneys' eyes only."[30]  Further, to avoid unnecessary sealing of future motions or related briefs and submissions, the Court instructs the parties to agree on pseudo-names for the Complaining Employees, such as Jane Doe 1, Jane Doe 2, and Jane Doe 3, and use those names in their motions and briefs with the Court.[31]

Finally, the Court will extend certain scheduling order deadlines, including the discovery deadline, and if necessary, the trial setting, upon receipt of a status report and a joint proposed amended scheduling order as ordered *infra*.

---

[30] The terms "confidential" and "attorney's eyes only" shall have the same meaning as provided in Appendix H-2 ("Confidentiality and Protective Order") to this District's Local Rules.

[31] *See* W.D. Tex. Local Rule 5.2(b) (June 24, 2021) ("Motions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored. The court expects parties to draft such submissions in a manner that does not disclose confidential information. Parties should consider redacting confidential information not critical to the filing. When it is necessary to support the filing, confidential information should be included in an appendix filed under seal and generally referenced, without being revealed, in the filing.").

## IV.  CONCLUSION

For the foregoing reasons, the Court enters the following orders.

**IT IS ORDERED THAT** Plaintiff's "Motion to Compel Discovery from Defendant" (ECF No. 26) is **GRANTED IN PART and DENIED IN PART**.  The motion is granted to the extent that Plaintiff moves for an order compelling production of the audio recording without any "attorneys' eyes only" designation and denied in all other respects.

**IT IS FURTHER ORDERED THAT** Defendant's "Motion for Discovery Sanctions against Plaintiff and Motion to Compel Plaintiff's Deposition" (ECF No. 28) is **GRANTED IN PART and DENIED IN PART**.  The motion is granted as to Defendant's request for compelling Plaintiff to appear and be deposed but denied as to all other requests.

**IT IS FURTHER ORDERED THAT** Plaintiff's "Motion for Protective Order and to Quash Defendant's Third Notice of Deposition of Plaintiff" (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's "Motion for Sanctions against Defendant for Withholding and Refusing to Disclose Evidence in Violation of Rule 26's Mandatory Disclosure Obligations" (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff 's "Second Motion for Protective Order and to Quash Defendant's Fourth Notice of Deposition of Plaintiff" (ECF No. 38) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendant's "Motion for Leave to Conduct Plaintiff's Deposition after the Close of the Discovery Period Or, Alternatively, for Sanctions Under Rule 37" (ECF No. 43) is **DENIED AS MOOT**—insofar as the Court intends to extend the discovery deadline upon receipt of a joint proposed amended scheduling order, *infra*.

**IT IS FURTHER ORDERED THAT** within **7 days** following the entry of this Order, the parties **SHALL JOINTLY SUBMIT** an agreed proposed protective order consistent with this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED THAT** the audio recording, and any written discovery, and other documents that bear the Complaining Employees' identities and other identifying information **SHALL BE SERVED, DISCLOSED, AND PRODUCED** with "confidential" designation pursuant to a protective order to be entered by the Court, but **MAY NOT BE DISCLOSED** to third parties, including the public.  Further, the Court **INSTRUCTS** the parties to agree on pseudo-names for the Complaining Employees, such as Jane Doe 1, Jane Doe 2, Jane Doe 3, for purposes of referencing these employees in future motions, briefs, and other submissions to the Court.

**IT IS FURTHER ORDERED THAT** Defendant **MAY DISCLOSE OR PRODUCE** the Complaining Employees' contact information, if requested by Plaintiff, with "**attorney's eyes only**" designation.

**IT IS FURTHER ORDERED THAT** within **14 days** following the entry of this Order, Defendant:

1) **SHALL PRODUCE** to Plaintiff the audio recording without any "**attorney's eyes only**" designation;

2) **SHALL RE-PRODUCE** to Plaintiff, without any "**attorney's eyes only**" designation or redactions of the Complaining Employees' identities, any document that Defendant thus far produced but in which Defendant redacted the identities and other identifying information; and

3) **SHALL SUPPLEMENT**, without any "**attorney's eyes only**" designation, its answers to Plaintiff's interrogatories that Defendant withheld on the account of safety and retaliation concerns and/or the Complaining Employees' identities.

**IT IS FURTHER ORDERED THAT** within **7 days** after Defendant produces the audio recording as ordered *supra*, the parties **SHALL CONFER** to set a mutually agreeable date and time for Plaintiff's deposition; the deposition date **must not exceed 21 days** following the date of the audio recording's production—unless a timely motion is filed for continuation showing good cause or upon agreement between the parties.

**IT IS FINALLY ORDERED THAT** within **7 days** following the entry of this Order, the parties **SHALL JOINTLY SUBMIT** (1) a **status report** delineating the items of discovery that they intend to pursue going forward and the estimated length of time they reasonably need to complete discovery and (2) a proposed amended scheduling order that modifies the itemized deadlines numbered 7 through 12 in the Scheduling Order (ECF No. 19) and deadlines numbered 10 through 12 in the Order Amending Scheduling Order (ECF No. 53).

So ORDERED and SIGNED this __30th__ day of July 2021.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**